**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Eladio Padilla</u>

    v.                                         Case No. 22-cv-237-SM

<u>Warden, FCI Berlin</u>

### **Report and Recommendation**

Eladio Padilla, who is proceeding pro se, brings a petition under 28 U.S.C. § 2241, challenging a disciplinary decision at FCI Berlin in which he lost good time credits. In support of his petition, Padilla contends that there is no evidence to support the disciplinary hearing officer's decision that he committed the charged offenses. The Warden moves for summary judgment on the ground that sufficient evidence supports the decision.

### <u>Standard of Review</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." <u>French v. Merrill</u>, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." <u>Id.</u> The court construes the record in the light most favorable to the nonmoving party. <u>Benson v. Wal-Mart Stores East, L.P.</u>, 14 F.4th

13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

## Background

Padilla was an inmate at FCI Berlin in October of 2021 when the incident at issue in the petition occurred. During the morning of October 31, 2021, a prison staff member, A. Chenwi, was conducting cell and pat-down searches in the unit where Padilla lived. Incident Rep., doc. no. 1, at 11. Chenwi searched Padilla's cell, and when he was finished with the search, Padilla said to Chenwi that he only searched cells of Hispanic inmates and asked why he targeted Hispanic inmates. Id. Chenwi denied targeting Hispanic inmates, but Padilla yelled at him "'as a man of color, you should mind the way you work in here, or we will make you understand how things are.'" Id.

Chenwi then ordered Padilla to submit to a pat-down search, which Padilla refused. After being told the consequences for refusing a search, Padilla pulled his shorts down to the floor and told Chenwi to search him. Id. Chenwi asked why he pulled down his shorts, and Padilla responded "because that's what you want with Hispanic people." Id. Padilla continued to yell at Chenwi, who felt threatened, and called for assistance. Padilla was escorted to the lieutenant's office without resistance.

Padilla was charged with threatening another with bodily

harm in violation of Prohibited Act Code 203 and indecent exposure in violation of Prohibited Act Code 300. Padilla told the Unit Discipline Committee ("UDC") that all he did was ask a question, that he never threatened the officer, and that he complied with the officer. Padilla directed the UDC to review the video footage. The UDC referred the charges to a disciplinary hearing officer for a hearing and recommended loss of 27 days of good time credits and 6 months of commissary.

A hearing was held before a disciplinary hearing officer on November 18, 2021. Padilla had a staff representative for the hearing and submitted a written statement. In the statement, Padilla said the incident report was wrong because he challenged the search of his cell after it happened not before, because he could not understand the officer and thought he said "pants down," because assistance was called for a different inmate, and because the charges are not consistent with his prison record.[1] Doc. no. 10-1, at 9.

The hearing officer considered Chenwi's written account of the incident in the incident report, Padilla's counseling report for assaultive and sexually aggressive behavior in the past, Padilla's written statement, the video of the incident, still

---

[1] The incident report states that Padilla made the challenge to the search after it was completed which is consistent with Padilla's version of events.

photographs from the video, and Padilla's statement that "this is all wrong." Doc. no. 10-1, at 2. The hearing officer also considered Padilla's statements during the hearing (specifically that he did not say the things reported by the staff member, Chenwi, and that he only pulled his shorts to his knees) which were contradicted by the video and by Padilla's later statements. Based on the greater weight of the evidence, the hearing officer concluded that Padilla violated Code 300 and Code 203. Padilla appealed those findings, but the decision was upheld.

## Discussion

In support of his petition, Padilla states that there is no evidence to prove the elements of the charges against him and that the hearing officer acted with reckless disregard of the truth. The Warden moves for summary judgment on the ground that there is evidence in the record to support the hearing officer's decision, with the result that the petition must fail. Padilla objects to summary judgment.

Prison inmates who are charged with disciplinary violations are entitled to due process procedural protections before losing good time credits. Superintendent v. Hill, 472 U.S. 445, 453, (1985). A hearing officer's decision that results in loss of good time credits must be supported by "some evidence in the record." Id. at 454. The "some evidence" standard is satisfied

4

even if the record evidence is only "meager" as long as the record evidence could support the hearing officer's decision." Id. at 455-56.

There is ample record evidence that Padilla threatened the staff member. Padilla's statement to the staff member, Chenwi, "'as a man of color, you should mind the way you work in here, or we will make you understand how things are'" is threatening on its face. That constitutes evidence of a threat of bodily harm. Padilla's arguments to the contrary are not supported by the record and are not persuasive.

There is also ample record evidence of indecent exposure. Despite several different stories, Padilla admitted that he pulled his pants down in the common area. The hearing officer reviewed the video of the incident and confirmed that it happened. Padilla's explanations in opposition to summary judgment that the video is blurry and that he was wearing an extra pair of shorts and only pulled down one pair are unavailing.[2]

Because there is record evidence to support the hearing officer's decision that Padilla committed the two charged offenses, the motion for summary judgment should be granted.

---

[2] Padilla does not cite record evidence or provide an affidavit or declaration to support his new theories. See Fed. R. Civ. P. 56(c).

5

**Conclusion**

For the foregoing reasons, the district judge should grant the warden's motion for summary judgment (document no. 10).

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 3, 2023

cc:  Eladio Padilla, pro se
     Seth R. Aframe, Esq.